UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMERICAN WEST CONSTRUCTION AND DEVELOPMENT CORP., <br>     Plaintiff, <br><br> v. <br><br> RONNIE COMPTON and ALL OCCUPANTS, <br>     Defendants. | § § § § § § § § § § | No. 3:14-CV-2007-N (BF) |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Plaintiff American West Construction and Development Corporation's ("Plaintiff") Motion to Remand [D.E. 6]. For the reasons stated below, the undersigned recommends that the Court GRANT Plaintiff's Motion to Remand [D.E. 6].

### BACKGROUND

On October 1, 2013, Morequity, Inc. purchased the property at issue in this lawsuit located at 1009 Manchester Drive, Mansfield, Texas 76063 (the "Property") at a foreclosure sale for the sum of $221,769.98. *See* Mot. to Remand [D.E. 6 at 2]; Substitute Trustee's Deed [D.E. 6-2 at 3, 5]. On February 25, 2014, Plaintiff purchased the Property from Morequity, Inc. *See* Mot. to Remand [D.E. 6 at 2]; Deed [D.E. 6-1 at 2]. After purchasing the Property, Plaintiff made a demand upon the occupants of the Property ("Defendants") to vacate the Property but Defendants failed to do so. *See* Mot. to Remand [D.E. 6 at 2]; Demands [D.E. 6-4 at 2; 6-5 at 2]. Therefore, on April 2, 2014, Plaintiff filed its Sworn Complaint for Eviction in the Justice Court, Precinct 7, Tarrant County, Texas. *See* Mot. to Remand [D.E. 6 at 2]; Compl. [D.E. 6-6 at 3]. On April 15, 2014, judgment was

granted in Plaintiff's favor. *See* Mot. to Remand [D.E. 6 at 3]. On April 21, 2014, Defendants appealed that ruling to the Tarrant County Court at Law Number 1, Tarrant County, Texas. *See id.* [D.E. 6 at 3]. The matter was scheduled to be heard on June 4, 2014, but Defendants removed the case to this Court on June 3, 2014. *See id.* [D.E. 6 at 3]; Notice of Removal [D.E. 3]. On July 3, 2014, Plaintiff filed its Motion to Remand arguing that the case should be remanded to Tarrant County Court at Law Number 1, Tarrant County, Texas, on the grounds that there is no federal question jurisdiction, Defendants failed to satisfy their burden of showing that the amount in controversy exceeds $75,000 for diversity jurisdiction, and a case may not be removed from state to federal court if any defendant is a citizen of the state in which the action was pending and Defendants concede that they are citizens of the state of Texas. *See* Mot. to Remand [D.E. 6 at 5-7].

## **ANALYSIS**

A civil action pending in state court may be removed by a defendant to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). However, original jurisdiction of federal courts is limited. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts only possess power authorized by the Constitution and statute. *See id.* The party "invoking federal court removal jurisdiction, bear[s] the burden of establishing that [the] court has jurisdiction over the claims." *Samsung Austin Semiconductor, L.L.C. v. Integrated Airline Servs.*, No. 4:12-CV-688-A, 2013 WL 105380, at *2 (N.D. Tex. Jan. 9, 2013) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns. . . . The court, therefore, must strictly construe the removal statute." *Id.* "[A]ny doubt about the propriety of removal must be

2

resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir.

2007).

Defendants removed this action from state court based on diversity jurisdiction. *See* Notice

of Removal [D.E. 3 at 1-3]. Title 28, United States Code, Section 1332(a)(1) ("Section 1332(a)(1)")

confers federal jurisdiction on district courts over "all civil actions where the matter in controversy

exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." *See id.*

"Under § 1332, 'citizens of different States' means that each plaintiff is diverse from each

defendant." *Oldham v. Nationwide Ins. Co.*, No. 3:14-CV-575-B, 2014 WL 3855238, at *3 (N.D.

Tex. Aug. 5, 2014) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)).

However, under Title 28, United States Code, Section 1441(b)(2) ("Section 1441(b)(2)"), even if the

civil action falls within the diversity jurisdiction of federal courts, the case may not be removed if

any of the defendants is a citizen of the state in which the action was pending. *See id.* (citing 28

U.S.C. § 1441(b)(2)). Here, Plaintiff contends that removal is not proper because Defendants

concede that they are citizens of the state of Texas. *See* Mot. to Remand [D.E. 6 at 6]. In the Notice

of Removal, Defendants state, "Defendant Ronnie Compton, et al. were, at the time of the filing of

this action, have been at all times since, and still are individual resident citizens of the State of

Texas." Notice of Removal [D.E. 3 at 2]. Therefore, given that Defendants concede that they are

citizens of Texas, the undersigned recommends that the Court grant Plaintiff's request to remand this

case back to state court.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Plaintiff's Motion to Remand [D.E. 6] and remand this case back to the Tarrant County Court at Law Number 1, Tarrant County, Texas.

**SO RECOMMENDED**, this 2nd day of February, 2015.


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).